UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FREDERICK O. BLACK,

    Petitioner,

v.                                          Nos.: 3:94-CR-117
                                                      3:11-CV-328
UNITED STATES OF AMERICA,          (VARLAN/GUYTON)

    Respondent.

## **MEMORANDUM**

Petitioner has filed a petition for writ of error coram nobis. For the following reasons, the petition will be **DENIED** and this action will be **DISMISSED**.

Petitioner was convicted of distribution of cocaine base. The Sixth Circuit affirmed the conviction, finding no prejudicial error in the judgment and proceedings. *United States v. Black*, No. 95-6208, (6th Cir. Nov. 13, 1996) (mandate issued) [Criminal Case No. 3:94-cv-117, Doc. 77].

Petitioner then filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, attacking the same conviction, which was denied on the merits. *Frederick O. Black v. United States*, Civil Action No. 3:96-cv-1005 (E.D. Tenn. July 27, 1999) (order denying § 2255 motion), *application for certificate of appealability denied*, No. 99-6161 (6th Cir. March 29, 2000).

Petitioner next filed a second § 2255 motion, which was transferred to the United States Court of Appeals for the Sixth Circuit because the district court had not received an order from the Sixth Circuit authorizing consideration of a second or successive § 2255 motion; the Sixth Circuit denied permission to consider a second or successive § 2255 motion. *Frederick O. Black v. United States*, Civil Action No. 3:08-cv-159 (E.D. Tenn. April 30, 2008) (transfer order), *motion denied*, No. 08-5560 (6th Cir. Jan. 16, 2009).

Petitioner has now filed a petition for writ of error coram nobis.

> To be entitled to a writ of error coram nobis, the petitioner must demonstrate: 1) an error of fact; 2) unknown at the time of trial; 3) that is of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. In addition, the writ is available only when a § 2255 motion is unavailable.

*Muhammad v. United States*, 76 F. App'x 45, 46, (6th Cir. 2003). "Under coram nobis the court reviews errors of fact committed in the original proceeding which are 'of the most fundamental character, that is, such as rendered the proceeding itself invalid.'" *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984) (per curiam) (quoting *United States v. Mayer*, 235 U.S. 55, 69 1914)).

It is true that § 2255 relief is not available to petitioner. Nevertheless, the allegations set forth in petitioner's pending petition should be the subject of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255; they are not the type of allegations which are appropriate for coram nobis review. As previously noted, petitioner has already filed a § 2255 motion, which was denied, and he has been denied permission to file a second or successive § 2255 motion by the Sixth Circuit. Petitioner cannot circumvent that

requirement by calling his petition one for a writ of error coram nobis. *See Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999).

The petition for writ of error coram nobis will be **DENIED** and this action **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE